Rose Campione, Plaintiff, *v.* Luigi Campione, Defendant.

Supreme Court, Special Term, Queens County, June 27, 1951.

*Garofalo & Garofalo* for plaintiff.

*F. Lloyd Barry* for defendant.

Conroy, J. This is an action brought to annul the marriage entered into by the parties, first, on the ground of the fraud of the defendant, and secondly, that the marriage was incestuous.

The first cause of action was dismissed at the trial and we are, therefore, concerned only with the second cause of action. The plaintiff, on a visit to Italy, met the defendant who is her mother's brother and, therefore, her uncle. After an acquaintanceship of some six months, the parties were married on April 22, 1948, in the city of Corato, Province of Bari, Italy. Such a marriage is forbidden by article 87 of the Criminal Code of Italy. The law, however, provides that an exemption may be obtained from the civil authorities. This was done on April 9, 1948. There is no issue of the marriage.

It is true that a marriage between a niece and uncle is incestuous and void by subdivision 3 of section 5 of the Domestic Relations Law of the State of New York. That, however, applies to marriages performed in this State. It is a well-settled rule of law that marriages, legal where performed, will be recognized in New York unless repugnant to the laws of nature. (*Earle* v. *Earle,* 141 App. Div. 611.) Prior to 1893, the date of the passage of the statute referred to (L. 1893, ch. 601), a marriage between a niece and uncle found no impediment to its legality. At the present time, such a marriage is not universally condemned. Citizenship of a party to such a marriage is not precluded by reason of moral turpitude. (*Matter of Lieberman,* 50 F. Supp. 121; *United States* v. *Francioso,* 164 F. 2d 163.) The Attorney-General in 1933 (1933 Atty. Gen. 83–88), and again on June 11, 1951 (N. Y. L. J., Aug. 13, 1951, p. 241, col. 6), gave it as his opinion that a marriage under the circumstances as here considered would be recognized in New York.

I find that the marriage is a valid one and should be recognized as such by the courts of this State. The complaint is dismissed and judgment may be entered accordingly.