MATTER OF HIRABAYASHI

In VISA PETITION Proceedings

A-12508937

*Decided by Board September 14, 1964*

A marriage entered into in Colorado between first cousins, residents of Illinois, is a valid marriage in Illinois since the evidence establishes the parties did not go to Colorado with the primary intention of evading the Illinois statutes prohibiting the marriage of first cousins and there is no evidence of a strong public policy in the State of Illinois against such marriages which are valid in the place where contracted, inasmuch as cohabitation between first cousins is no longer a crime under Illinois statutes.

The case was originally before us on February 27, 1964 on appeal from the order of the District Director, Chicago District, dated October 15, 1963, denying the visa petition for the reasons that the petitioner's marriage to the beneficiary is void under the Illinois Revised Statues; Chapter 89, section 1 prohibits marriage between cousins of the first degree and prohibited marriages are void if contracted in another state under Chapter 89, section 19.

The petitioner, a native-born citizen of the United States, seeks nonquota status on behalf of the beneficiary, a native and citizen of Japan. The prior marriage of the petitioner was terminated by a decree of divorce on August 6, 1952. The beneficiary was not previously married. The parties were married on July 12, 1963 at Denver, Colorado.

The visa petition indicated that the parties are residents of the State of Illinois and continue to reside in that state. The marriage certificate, showing the marriage of the parties at Denver, Colorado, gives their address as Chicago, Illinois. The parties are cousins of the first degree.

Marriage of cousins of the first degree, if contracted in Illinois by residents of that state, is prohibited and such marriages are declared to be incestuous and void under Illinois Revised Statutes, Chapter 89, section 1. Marriage between first cousins is not prohibited under Article 9, section 40-9-4 of the Colorado Revised Statutes Annotated, 1953. Chapter 89, section 19 of the Illinois Revised Statutes sets forth

the Uniform Marriage Evasion Act which states that if any resident of Illinois who continues to reside in Illinois and is prohibited from contracting marriage in Illinois, goes into another state or country and there contracts a marriage prohibited and declared void by the laws of Illinois, such marriage shall be null and void for all purposes in Illinois with the same effect as though such prohibited marriage had been entered into in Illinois.

In our prior order dated February 27, 1964 in which we reviewed the general question of validity of marriages incestuous under the law of the place of domicile but not under the law of the place of celebration, in view of 37 Opinions Attorney General 102 (1933), where the Attorney General found that the citizen petitioner did not go to Poland with the intention of marrying his niece and therefore was not subject to the prohibition of Virginia law; and in the light of the new criminal code of Illinois of 1961, effective January 1, 1962, which in Chapter 38, Illinois Revised Statutes, section 11-11 (supplanting previous section 375, Criminal Code 1874) no longer made cohabitation between first cousins the crime of incest, the case was remanded for the purpose of having sworn statements taken from the parties regarding their intention in going to Colorado to contract this marriage and to consider the effect of section 11-11 of the Illinois Criminal Code of 1961.

Sworn statements were taken from the petitioner and the beneficiary on April 9, 1964, before an immigration officer. The petitioner testified that he went to Colorado for his present employer to explore the idea of possibly opening an office in Denver, Colorado; that he knew of the restriction against marriage of first cousins in the State of Illinois; that he took the beneficiary with him on this trip to Denver, Colorado; that they were married there; but that they did not go to the State of Colorado necessarily to avoid the Illinois law but in connection with the business for his employer and that because it was an opportune time, they decided to get married. The wife likewise testified that her husband had told her that his company's office branch was going to open in Denver, Colorado and that they might live there and that they went to Colorado to live there and to get married; and although she had knowledge from her husband of the Illinois law prohibiting first cousin marriages, they did not go there specifically to evade the law but inasmuch as they were there on business and for possible residence they decided to get married. The petitioner testified that at the time he was staying with his father and that he had no lease and if the arrangements about setting up the business in Denver, Colorado had materialized, he could have arranged to have his father send his things out to Colorado, where he had previously resided from 1943 to 1947. The petitioner testified that his work at the Illinois office piled up to such an extent that his employer told him to come

back and take care of his business and to postpone going back to Denver, and that the proposition of opening a new office in Colorado was still an open one. The petitioner's employer was interviewed on August 7, 1964, and stated that he sent the petitioner to Denver, Colorado during the month of July 1963 on business to make a survey to expand the agency but he failed to follow through because he lost two of his technical employees and it was more economical to bring the petitioner back to fill the gap.

The evidence establishes that the petitioner and the beneficiary did not go to Colorado with the primary intention of evading the Illinois statutes prohibiting marriage of cousins of the first degree, thus falling with the purview of 37 Opinions Attorney General 102. Inasmuch as the provisions of section 11–11 of Chapter 38, Illinois Revised Statutes no longer make cohabitation between first cousins a crime, there is no evidence of a strong public policy in the State of Illinois against such marriages which are valid in the place where contracted. The order of the District Director dated August 19, 1964, granting the petition will be approved.

**ORDER:** It is ordered that the order of the District Director dated August 19, 1964, approving the visa petition for nonquota status on behalf of the beneficiary be and the same is hereby approved.