MATTER OF ZAPPIA

In Visa Petition Proceedings

A-17100396

*Decided by Board September 14, 1967*

A marriage contracted in South Carolina in 1966 between first cousins, residents
of Wisconsin, for the purpose of evading the statutory prohibition against such
marriages in the State of Wisconsin to which they immediately returned to
live and in which such marriages are void and criminally incestuous, is not
a valid marriage for the purpose of conferring immediate relative status on
the beneficiary/wife.

ON BEHALF OF PETITIONER:
Joseph P. Ballistrieri, Esquire
211 West Wisconsin Avenue
Milwaukee, Wisconsin 53203
(Oral argument)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

The case comes forward on appeal from the order of the District
Director, Chicago District, dated April 12, 1967 denying the visa peti-
tion for the reason that the petitioner cannot confer immediate rela-
tive status on the beneficiary since he is not lawfully married to the
beneficiary under the laws of the State of their residence, Wisconsin.

The petitioner, a native born citizen, 37 years old, male, seeks im-
mediate relative status on behalf of the beneficiary as his wife. The
beneficiary is a native and citizen of Italy, 24 years old. The parties
were married at Columbia, South Carolina on July 8, 1966. A prior
marriage of the petitioner was terminated by a judgment of divorce
granted by the Circuit Court, Milwaukee County, Wisconsin on
March 6, 1962.

A sworn statement was taken from the petitioner on December 20,
1966. In pertinent part the petitioner stated he knew he and the bene-
ficiary were first cousins (their respective mothers being sisters) and
that they could not marry in Wisconsin. He consulted a lawyer to find
out whether they could get married somewhere else and his lawyer
ascertained that they could get married in South Carolina, Texas and
one other state. In a second sworn statement taken February 21, 1967
the petitioner testified that he and his wife left Milwaukee for South

Carolina for the purpose of marriage, arriving in South Carolina on July 7, 1966 and returning July 8, 1966. He testified they had no intention of taking up residence in South Carolina and went to South Carolina solely to marry because South Carolina would recognize a marriage between first cousins and also there was a twenty-four hour waiting period.

A sworn statement from the petitioner's mother, Mary Zappia, taken December 15, 1966, confirms that the petitioner's mother and the beneficiary's mother are sisters and that the petitioner and the beneficiary are first cousins.

The notice of denial contains an attachment of even date setting out the statutory basis for the conclusion that the parties have contracted a marriage that is prohibited by Wisconsin State statutes and are, therefore, not legally married in the State of Wisconsin. These Wisconsin statutes are as follows:

Chapter 245.03(1). No marriage shall be contracted while either of the parties has a husband or wife living, nor between persons who are nearer of kin than second cousins excepting that marriage may be contracted between first cousins where the female has attained the age of fifty-five.

Chapter 245.04(a). . . . if any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state goes to another state or country and there contracts a marriage prohibited or declared void under the laws of this state, such marriage shall be void for all purposes in this state with the same effect as though it had been entered into in this state.

Chapter 944.06 defines the crime of incest: whoever marries or has nonmarital sexual intercourse with a person he knows is a blood relative and such relative is in fact related in a degree within which the marriage of the parties is prohibited by law of this state may be imprisoned not more than ten years.

Counsel has filed a brief. He alleges that Chapter 245.03(1) of the Wisconsin statutes does not prohibit marriages between first cousins. The parties herein at the time of the marriage in July 1966 were 36 and 23 years old, respectively. Section 245.03(1) of the Wisconsin statutes is an absolute prohibition against marriage of those who are nearer of kin than second cousins except that marriage may be contracted between first cousins where the female has attained the age of 55 years. This exception where the female has attained the age of 55 years was motivated by the fact that the probability of child bearing at such advanced age was remote. The point is not material since the parties were married at a much earlier age. Furthermore, such a marriage comprises the crime of incest in the State of Wisconsin.

The principal cases relied upon by counsel are *Lyannes* v. *Lyannes*, 177 N.W. 683, 171 Wis. 381 (1920), and *In re Estate of Campbell*, 51 N.W. 709, 260 Wis. 625 (1952). Upon close examination, the cases do not appear to stand for the precedent counsel has alleged. The

*Lyannes* case involved a marriage which had been celebrated in another state without compliance with the antenuptial physical examination required in the State of Wisconsin and without a marriage license, and non-compliance with those requirements, was held not to affect the validity of the marriage within the provision of the predecessor marriage statute. However, the court did say that the predecessor statute insofar as it related to marriages solemnized without the State of Wisconsin, rendered null and void such pretended marriages only so far as the parties thereto were disabled or prohibited from entering into a marriage under any circumstances under the law of Wisconsin; in other words, such section makes null and void only such marriages as are prohibited by the predecessor statute, which likewise prohibited marriages between persons who were nearer of kin than second cousins. The case also held that a void marriage, strictly speaking, is one where the relationship between the parties is necessarily incestuous (such as the one in the present case).

The *Campbell* case followed the general rule that marriages valid where celebrated are valid everywhere, except those contrary to the law of nature and those which the law has declared invalid upon the ground of public policy. The marriage herein is prohibited by the law of Wisconsin as being against the law of nature and is punishable as incestuous. It is not one, as in cases cited by counsel, where there has been some procedural or other unimportant omission such as failure to have an antenuptial physical examination or a marriage license, or consent of the parents, or failure to have the required number of witnesses. First cousins marrying in another state and returning to Wisconsin to reside are subject to the incest provisions of criminal law. 19 Op. Wisc. Atty. Gen. 306 (1930). Such marriages were null and void. 5 Op. Atty Gen. 227 (1916).

We do not think it significant that no judicial action has been taken to declare the marriage void or incestuous. The burden of establishing eligibility for the benefit conferred by the immigration laws upon the basis of a valid relationship is upon the petitioner. Thus, we have not recognized Mexican "mail order" marriages, sham marriages to United States citizens contracted solely to obtain quota exemption [1], and marriages entered into during the existence of a prior marriage which are considered void despite the absence of any judicial decree. *Matter of Hirabayashi*, 10 I. & N. Dec. 722, may be distinguished on the ground that there was evidence in the case that there was no intent to evade the prohibition of the Illinois law prohibiting marriages between first cousins; and in addition, cohabitation between first cousins was no

---

[1] *Matter of M——*, 8 I. & N. Dec. 217.

longer considered a crime under Illinois statutes.[2] In the present case the evidence established that the primary intent of the parties in having the marriage celebrated in the State of South Carolina was to knowingly evade the provisions of the Wisconsin statutes. Such marriages are regarded as incestuous and are characterized as void.

In view of the evidence establishing that the parties were aware of the prohibition of Wisconsin law against the marriage of first cousins and with full knowledge of that prohibition, had the marriage celebrated in South Carolina solely for the purpose of evading the laws of the State of Wisconsin to which they immediately returned, it must be concluded that the petitioner has not borne the burden of establishing eligibility for immediate preference status on behalf of the beneficiary as his legal wife.

In view of the recent birth of a citizen child to the couple, it is suggested that should petitioner be able to secure a judgment under the provisions of section 247.04 of the Wisconsin statutes, as amended, affirming the validity of the marriage, he may submit such judgment together with a motion to reopen.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] In *Matter of T—*, 8 I. & N. Dec. 529, a change in the law of the State of Pennsylvania made marriages within prohibited degrees of consanguinity or affinity voidable, rather than void.