## MATTER OF DA SILVA

### In Visa Petition Proceedings

### A-20809233

*Decided by Board August 23, 1976*

(1) Petitioner and beneficiary were natives of Portugal and residents of New York. Since they were related as uncle and niece they could not validly marry in New York because New York law (Domestic Relations Law, § 5, subd. 3 (McKinney's, 1964), provides that marriages contracted between uncle and niece are incestuous and void. Petitioner and beneficiary contracted a marriage in the State of Georgia where marriages between uncle and niece are valid (Ga. Code Ann. § 53-105).

(2) While New York law declares marriages between uncle and niece to be incestuous and void if solemnized within New York, the New York statute does not expressly regulate a marriage solemnized in another state where it is legal.

(3) Since the marriage was legally contracted in Georgia and is thus not regulated by New York law nor violative of New York public policy, the marriage will be recognized as valid in New York and is valid for immigration purposes.

ON BEHALF OF PETITIONER: Francisco R. Garcia, Esquire
225 Broadway
New York, N. Y. 10007

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated May 27, 1976, the district director denied the petition on the ground that the petitioner and the beneficiary were not lawfully married under the laws of the State of their residence, New York. The petitioner's appeal will be sustained and the record remanded to the district director.

Both the petitioner and the beneficiary are natives and citizens of Portugal with their home address in Rocky Point, New York. The petitioner was admitted as a lawful permanent resident on January 12, 1964. On August 13, 1975, the parties were married at Augusta, Georgia.[1]

In an interview conducted by the Service on May 13, 1976, the parties

---

[1] It appears that the parties had previously attempted to marry in Montreal, Canada in August 1973. This marriage was prior to the beneficiary's lawful divorce from her first husband which was ultimately secured in Nevada on July 2, 1975.

stated that they were related as uncle and niece and that because of their relationship they could not marry in the State of New York. They consulted a lawyer to ascertain whether they could legally marry elsewhere in the United States and were directed to the State of Georgia.[2] The petitioner stated that he and his wife departed New York for Georgia solely to marry because Georgia would recognize a marriage between an uncle and a niece, and that they had always intended to return to New York to live.

The legal validity of a marriage is generally determined by the law of the place of the celebration. *Loughran* v. *Loughran*, 292 U.S. 216 (1934); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969); *Matter of P—*, 4 I. & N. Dec. 610 (A.G. 1952). There are, however, exceptions to this general rule. Thus, a marriage complying with all the requirements of the State of celebration might nevertheless be deemed invalid if it is invalid under the laws of a State where one of the parties is domiciled at the time of the marriage and where both intend to make their home afterward, or if it violates a strong public policy of the State of domicile. See *Matter of Zappia*, 12 I. & N. Dec. 439 (BIA 1967).

Citing *Matter of Zappia*, supra, the district director found that the marriage was contracted in Georgia solely to evade statutory prohibitions in New York and that, therefore, the marriage was not valid for the purpose of conferring immediate relative status on the beneficiary.

The applicable New York statute, *Domestic Relations Law*, §5, subd. 3 (McKinney's 1964), provides, in part:

§ 5. Incestuous and void marriages

A marriage is incestuous and void whether the relatives are legitimate or illegitimate between either:

. . .

3. An uncle and niece or an aunt and nephew.

If a marriage prohibited by the foregoing provisions of this section be solemnized it shall be void . . . .

Counsel for the petitioner contends that while subdivision 3 of section 5 does indeed prohibit marriage between an uncle and niece, such is applicable only to a marriage performed within the State of New York.

The principal case relied upon by counsel is *In re Estate of May*, 305 N.Y. 486, 107 N.Y.S.2d 170 (1953). There, the New York Court of Appeals held valid a marriage between an uncle and niece of the Jewish faith, both residents of New York, celebrated in Rhode Island where such a marriage was legal. The court stated:

We regard the law as settled that, subject to two exceptions . . . , and in the absence of a statute expressly regulating within the domiciliary State marriages solemnized:

---

[2] Under *Ga. Code Ann.* §53–105, a marriage between an uncle and niece is valid.

abroad, the legality of a marriage between persons *sui juris* is to be determined by the law of the place where it is celebrated. 305 N.Y. at 490.[3]

In interpreting subdivision 3 of section 5, the court noted that, although the statute declares a marriage between an uncle and niece to be incestuous and void, the statute by its express terms did not regulate a marriage solemnized in another State where it was legal. 305 N.Y. at 491. While it is true that the marriage in *May* involved an uncle and niece of the Jewish faith, the New York courts have not so limited the decision, and we are of the opinion that its reasoning applies equally well to the present case. See *In re Estate of Saffer*, 39 A.D.2d 691, 241 N.Y.S.2d 681 (1963); *Campione* v. *Campione*, 201 Misc. 590, 107 N.Y.S.2d 170 (1951); 1933 Op. N.Y. A.G. 83. *Matter of Zappia*, supra, relied upon by the district director, may be distinguished on the ground that there the statute in question expressly declared incestuous a marriage between residents of Wisconsin contracted in another State for the purpose of evading statutory prohibitions.

It appears that an out-of-state marriage entered into by an uncle and niece who are residents of the State of New York does not violate the public policy of that State, and will be recognized as valid in New York. We therefore disagree with the district director's interpretation of the applicable New York law.

The appeal will be sustained and the record will be remanded in order that the district director may determine if the marriage between the petitioner and the beneficiary is bona fide. See *Matter of Phillis*, 15 I. & N. Dec. 385 (BIA 1975).

ORDER: The appeal is sustained and the record is remanded to the district director for further proceedings consistent with the above opinion.

---

[3] The court noted that the two exceptions—cases within the prohibition of positive law; and cases involving polygamy or incest in a degree regarded generally as within the prohibition of natural law—were not applicable. 305 N.Y. at 492–93.