## *In re* MILLER'S ESTATE.

1. MARRIAGE—EXCEPTIONS TO RULE THAT MARRIAGE VALID WHERE CONTRACTED IS VALID EVERYWHERE.

It is a general rule of law that a marriage valid where contracted is valid everywhere, but there are two exceptions, marriages which are deemed contrary to the law of nature, and marriages which the legislature has declared shall not be allowed validity because contrary to the policy of our laws.

2. SAME — MARRIAGE OF FIRST COUSINS NOT AGAINST LAW OF NATURE.

Marriage between first cousins does not fall within the class deemed contrary to the law of nature.

3. SAME—STATUTE PROHIBITING MARRIAGE OF FIRST COUSINS DOES NOT DECLARE SUCH MARRIAGES VOID.

3 Comp. Laws 1915, §§ 11364, 11365, prohibiting the marriage of first cousins, does not declare such marriages void, but merely prohibits them.

4. SAME—MARRIAGES DECLARED VOID ARE THOSE SOLEMNIZED WITHIN THIS STATE.

3 Comp. Laws 1915, § 11392, providing that all marriages which are prohibited on account of consanguinity shall, if solemnized within this State, be absolutely void, relates only to marriages solemnized in this State, and not to those made without the State.

5. SAME—DEGREES OF CONSANGUINITY—PENAL STATUTE HAS NO EFFECT ON VALID MARRIAGE SOLEMNIZED IN ANOTHER STATE.

3 Comp. Laws 1915, § 15478, providing punishment for persons who, being within the degree of consanguinity within which marriages are prohibited, shall intermarry, has no effect on the validity of a marriage solemnized in a State where lawful.

6. SAME — MARRIAGE BETWEEN FIRST COUSINS VALID IF VALID WHERE SOLEMNIZED.

A marriage between first cousins, solemnized in a State

---

[1]Marriage, 38 C. J. § 3; 57 L. R. A. 155; 11 L. R. A. (N. S.) 1082; 17 L. R. A. (N. S.) 800; 26 L. R. A. (N. S.) 179; 28 L. R. A. (N. S.) 753; 43 L. R. A. (N. S.) 355; 5 R. C. L. 993; 1 R. C. L. Supp. 1572; 6 R. C. L. Supp. 341; [2]Id., 38 C. J. § 3; [3]Id., 38 C. J. § 34; [4]Id., 38 C. J. § 3; [5]Id., 38 C. J. § 3; [6]Id., 38 C. J. § 3.

where such marriages are not prohibited, is valid in this State, notwithstanding such marriages are prohibited here (3 Comp. Laws 1915, §§ 11364, 11365), and the parties went to said other State for the express purpose of avoiding the statute.

Case-made from Berrien; White (Charles E.), J. Submitted May 3, 1927. (Docket No. 161.) Decided June 24, 1927.

Kate A. Miller filed a petition for her appointment as administratrix of the estate of Frank F. Miller, deceased. The petition was contested by Joseph E. Miller and others. The petition was granted in the probate court, and contestants appealed to the circuit court. Judgment for petitioner. Contestants appeal. Affirmed.

*Burns & Hadsell,* for appellants.

*Stuart B. White* and *Du Comb & Du Comb,* for appellee.

CLARK, J. Frank F. Miller and Kate A. Miller, cousins of the first degree, residents of Berrien county, in 1904 determined to marry. The statutes of this State were thought to present an obstacle. They went to Kentucky, where there was no prohibition against the marriage of first cousins, were married in the manner prescribed by the laws of that State, and at once returned to their home. From the marriage until the husband's death in 1926, they lived together as husband and wife. No children were born. After the husband's death the widow sought administration of his estate. A contest by collateral heirs raised the question that she was not the widow; had not been the wife; the marriage having been void. The decision was in favor of the widow in both the probate court and the circuit court, and such heirs seek review on case-made.

It is a general rule of law that a marriage valid where contracted, as this one was, is valid everywhere. *Inhabitants of Medway* v. *Inhabitants of Medham,* 16 Mass. 157 (8 Am. Dec. 131) ; *Thorp* v. *Thorp,* 90 N. Y. 602 (43 Am. Rep. 189) ; *Van Voorhis* v. *Brintnall,* 86 N. Y. 18 (40 Am. Rep. 505). But there are two exceptions, and we quote from *Commonwealth* v. *Lane,* 113 Mass. 458 (18 Am. Rep. 509) :

"1st. Marriages which are deemed contrary to the law of nature as generally recognized in Christian countries; 2d. Marriages which the legislature of the Commonwealth has declared shall not be allowed any validity, because contrary to the policy of our own laws.

"The first class includes only those void for polygamy or for incest. To bring it within the exception on account of polygamy, one of the parties must have another husband or wife living. To bring it within the exception on the ground of incest, there must be such a relation between the parties contracting as to make the marriage incestuous according to the general opinion of Christendom; and, by that test, the prohibited degrees include, beside persons in the direct line of consanguinity, brothers and sisters only, and no other collateral kindred. *Wightman* v. *Wightman,* 4 Johns. Ch. (N. Y.) 343, 349-351; 2 Kent Com. 83; Story Confl. § 114; *Sutton* v. *Warren,* 10 Metc. (Mass.) 451; *Stevenson* v. *Gray,* 17 B. Mon. (Ky.) 193; *Bowers* v. *Bowers,* 10 Rich. Eq. (S. C.) 551 (73 Am. Dec. 99). * * *

"A marriage which is prohibited here by statute, because contrary to the policy of our laws, is yet valid if celebrated elsewhere according to the law of the place, even if the parties are citizens and residents of this Commonwealth, and have gone abroad for the purpose of evading our laws, unless the legislature has clearly enacted that such marriages out of the State shall have no validity here. This has been repeatedly affirmed by well considered decisions."

The marriage in question does not fall within the first exception, and whether within the second ex-

ception depends upon our statute.   See *State* v. *Yoder,* 113 Minn. 503 (130 N. W. 10, L. R. A. 1916C, 686).

Sections 11364 and 11365, 3 Comp. Laws 1915, provide that no man and no woman shall marry a cousin of the first degree.   It will be noted that these sections do not declare such a marriage void, they merely prohibit it.   See 2 Schouler on Marr. Div. and Sep. (6th Ed.), § 1084, and *State* v. *Smith,* 101 S. C. 293 (85 S. E. 958, Ann. Cas. 1917C, 149).   Section 11392, 3 Comp. Laws 1915, provides:

"All marriages which are prohibited by law on account of consanguinity   *   *   *   between the parties *   *   *   shall, if solemnized within this State be absolutely void, without any decree of divorce or other legal process."   *   *   *

This section relates to marriages solemnized within the State, not to those made without the State.   See *Harrison* v. *State,* 22 Md. 468 (85 Am. Dec. 658); *Leefield* v. *Leefield,* 85 Or. 287 (166 Pac. 953).   One further section of the statute is cited (3 Comp. Laws 1915, § 15478):

"All persons being within the degree of consanguinity within which marriages are prohibited or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished by imprisonment in the State prison not more than fifteen years, or in the county jail not more than one year."

This section has no effect on the validity of the marriage itself solemnized in the State of Kentucky. In *Garcia* v. *Garcia,* 25 S. D. 645 (127 N. W. 586, 32 L. R. A. [N. S.] 424, Ann. Cas. 1912C, 621), in face of a like penal statute it was held, quoting from syllabus:

"*Held,* that a marriage between first cousins valid in the State where contracted and where the parties were then domiciled cannot be annulled by the courts

of South Dakota, notwithstanding such marriage would have been void if contracted in South Dakota, as forbidden by its laws."

And see *Fensterwald* v. *Burk*, 129 Md. 131 (98 Atl. 358, 3 A. L. R. 1562) ; *Hoagland* v. *Hoagland*, 27 Wyo. 178 (193 Pac. 843, 32 A. L. R. 1104).

Our legislature has neither declared nor attempted to declare that a marriage such as this, solemnized in and according to the laws of a sister State, shall be denied validity in this State.    See *Harrison* v. *State*, *supra*.    It follows that the marriage was valid.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.