## NOBLE _v_. NOBLE.

1. APPEAL AND ERROR—DISMISSAL OF BILL—ALLEGATIONS TAKEN AS TRUE.

On appeal from dismissal of bill to vacate former decree on defendant's motion, the Supreme Court must take as true allegations of fact in the bill and apply the law thereto.

2. MARRIAGE—VALIDITY IN DIFFERENT STATES.

A marriage which is valid in the State where performed is valid in this State.

3. CONFLICT OF LAWS—MARRIAGE.

A marriage performed in another State can be annulled in this State only upon grounds which rendered it void or voidable under the _lex loci contractus._

4. MARRIAGE—VALIDITY—RESIDENCE.

The fact that residents of this State went to Indiana to avoid the Michigan law relative to marriage would not affect their status under Indiana law.

5. SAME—VALIDITY—INDIANA—MISREPRESENTATION OF AGE.

Notwithstanding penalties are imposed upon individuals for violation of Indiana statute relative to marriage of nonresident female under the age of 18 and male under the age of 21 without consent of parent or guardian where the parties are of marriageable age but misrepresent their age in order to procure a marriage license, the resulting marriage would not be void or voidable for the want of formality required by Indiana law where either party believed it to be a legal marriage at the time it was made (Burns, Indiana Stat. Ann. [1933], §§ 44-201, 44-202, 44-302).

6. SAME—ANNULMENT—CONFLICT OF LAWS—JURISDICTION.

Bill for annulment of Indiana marriage of Michigan residents of marriageable age under the Indiana law, which alleged marriage license was procured by misrepresentation of ages, did not give Michigan court jurisdiction to annul the marriage where, under Indiana law, the marriage was neither void nor voidable as the law of Michigan in no way had bearing upon the question of validity of the marriage (Burns, Indiana Stat. Ann. [1933], §§ 44-201, 44-202, 44-302).

Validity of a marriage is determined by laws of place where marriage is performed, see Restatement, Conflict of Laws, §§ 121, 122, 129.

Annulment of a marriage is determined by reference to, laws of place where marriage was performed, see Restatement, Conflict of Laws, § 136.

7. COURTS—MINORS.

Minors are, in a sense, considered wards of the court and as to them the strict rules, applicable to persons *sui juris,* who invoke and obtain judicial action and then seek vacation thereof, are not so rigid.

8. EQUITY—JURISDICTION—ANNULMENT OF MARRIAGE—VACATION OF DECREE.

A bill to vacate a decree annulling a marriage is proper where bill for annulment, brought by plaintiff's father as next friend, on its face stated statutory prohibition against annulment; hence dismissal of bill to vacate decree of annulment, brought by plaintiff, by another person as next friend, was erroneous notwithstanding latter bill was filed more than two months after entry of former decree, entry of such former decree being one without the jurisdiction of the court (3 Comp. Laws 1929, § 12753; Court Rule No. 48 [1933]).

Appeal from Jackson; Simpson (John), J. Submitted June 3, 1941. (Docket No. 28, Calendar No. 41,620.) Decided December 2, 1941.

Bill by Arliss E. Noble by her next friend, Elsie E. Lowery, against John M. Noble and others to vacate former decree annulling a marriage. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Rosenburg, Painter, Kelly & Cristy,* for plaintiff.

*Albert B. Carroll* and *William H. Aubrey,* for defendant John M. Noble.

WIEST, J. In July, 1938, plaintiff, then 17, and defendant, then 19 years of age, residents of Jackson county, this State, went to Elkhart, Indiana, to get married and there misrepresented their ages, procured a marriage license on July 27, 1938, and, the same day at Elkhart, were united in marriage by Rev. B. B. Shake, a minister of the gospel. They came back to Michigan, the father of plaintiff had himself appointed next friend and, as such, on August 16, 1938, filed a bill in the circuit court for the county of Jackson, alleging "the said parties were

married in form of law but not in legal effect;" the license was procured by misrepresentation of ages; that under the laws of Indiana their ages rendered them incapable of marriage without consent of their parents and no consent was given; that under the law of Michigan plaintiff's age barred a license to marry; the pretended marriage was void under the laws of the State of Michigan and no cohabitation followed the marriage. Defendant appeared by guardian *ad litem* and filed an answer, neither admitting nor denying the allegations in the bill, and later consented that the case be heard without his presence or testimony. At the hearing of that case plaintiff testified to misrepresentations of ages in procuring the license; that the marriage was without the consent of her parents and since the marriage ceremony she had not at any time "lived with John Noble as husband and wife."

Counsel for plaintiff introduced a certified copy of Act No. 136, Pub. Acts 1852 of Indiana, declaratory of the law regulating marriage.

The court found the marriage was without valid license by reason of misrepresentation of the ages of the parties and without consent of plaintiff's parents or dispensed with by residence in Indiana, and decreed the marriage null and void. No appeal was taken.

June 25, 1940, plaintiff, by a different next friend, filed the present bill in the circuit court for Jackson county to vacate the former decree annulling the marriage. The bill alleged the validity of the marriage under the laws of the State of Indiana; no jurisdiction of the court under the allegations in the bill in the annulment case to adjudge the marriage null and void, and asked that the former decree be vacated. On motion of defendant, John M. Noble, the bill was dismissed, the court holding that the bill was in the nature of a bill of review and, under

Court Rule No. 48 (1933), could only be filed within two months from the entry of the former decree and that the court "had inherent chancery powers to grant the decree annulling the marriage upon the grounds alleged in the bill of complaint and the testimony as taken in open court." Plaintiff reviews by appeal and, upon this hearing, we must take as true allegations of fact in the bill and apply the law thereto.

The bill, in substance, alleges that the former bill was filed under coercion exercised over plaintiff by her father, who was her next friend therein; that she is now pregnant with child by defendant; that under the allegations in the former bill the court was without jurisdiction to annul the marriage which was valid in the State of Indiana.

Under the allegations in the bill for annulment and proofs in support thereof the court was without jurisdiction to decree the annulment. If the marriage was valid in the State of Indiana it was valid here. *Hutchins* v. *Kimmell,* 31 Mich. 126 (18 Am. Rep. 164); *In re Osborn's Estate,* 273 Mich. 589. The marriage could be annulled only upon grounds which rendered it void or voidable under the *lex loci contractus.* Though the parties went to Indiana to avoid Michigan law relative to marriage that did not affect their status under Indiana law. The age permitting marriage in Indiana is 16 years for females and 18 for males (Burns, Indiana Stat. Ann. (1933) § 44–101). All persons are required to secure a license and the clerk is forbidden to issue a license without the consent of the parent if the female is under 18 or the male is under 21 years of age. Where there is no parent or guardian resident in the State, one month's residence by the female in the county wherein the license is sought is required, (Burns, Indiana Stat. Ann. (1933) §§ 44–201, 44–

202). Although penalties are imposed upon various individuals for violations of the statute, no statute makes the resulting marriage void or even voidable. On the contrary it is provided:

"No marriage shall be void or voidable for the want of license or other formality required by law, if either of the parties thereto believed it to be a legal marriage at the time." Burns, Indiana Stat. Ann. (1933) § 44–302.

In *Franklin* v. *Lee,* 30 Ind. App. 31 (62 N. E. 78), it was held that the marriage statutes are directory only, even though penal; that a marriage celebrated without full compliance with the statutes is still valid; hence a failure to have a license does not void a marriage unless a statute declares it to be void for failure to comply with the statute.

In *Teter* v. *Teter,* 101 Ind. 129, 134, 135 (51 Am. Rep. 742), it was said:

"Persons may be punished for not obtaining licenses to marry, or for not taking steps to secure a proper record of the marriage, but there may, nevertheless, be a valid marriage. The want of form, or the lack of ceremonial rites, does not impair a marriage contract, in cases where it is entered into from good motives and with an intention to contract a present marriage, and is followed by an open acknowledgment of the marital relation. * * *
"This general doctrine extends so far as to sustain the validity of marriages made without complying with forms prescribed by statute, for it is held that such marriages will be sustained unless the statute expressly declares them void."

Both parties were of marriageable age under the law of the State of Indiana. The law of Michigan in no way had bearing upon the question of validity of the marriage and none of the allegations in the

bill for annulment affected the validity of the marriage under Indiana law.

Minors are, in a sense, considered wards of the court and as to them the strict rules, applicable to persons *sui juris,* who invoke and obtain judicial action and then seek vacation thereof, are not so rigid.

The father of plaintiff was evidently displeased by the marriage of his daughter and, as her next friend, sought the annulment.

In the case for annulment the court had no jurisdiction over the subject matter alleged in the bill or shown at the hearing, and the bill to vacate the void decree was proper.

The bill to annul the marriage stated it was "exhibited pursuant to 3 Comp. Laws 1929, § 12753" (Stat. Ann. § 25.110), and alleged that plaintiff, at the date of the marriage, was of the age of 17 years. Plaintiff was of legal age to consent to the marriage.

The mentioned statute provides:

"A bill to annul a marriage on the ground that one of the parties was under the age of legal consent, may be exhibited by the parent or guardian entitled to the custody of such minor; or by the next friend of such minor; but in no case shall such marriage be annulled on the application of a party who was of the age of legal consent at the time of the marriage."

The bill on its face stated statutory prohibition against annulment.

The circuit court was in error in dismissing plaintiff's bill.

The bill is reinstated in the circuit court and the case remanded for hearing. Plaintiff will recover costs of this appeal.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, and Starr, JJ., concurred with Wiest, J.

BUTZEL, J. (*concurring*). I concur in the result solely on the ground that the annulment decree in the original suit is based upon a bill of complaint in which it is stated in the opening paragraph that the bill is being exhibited pursuant to 3 Comp. Laws 1929, § 12753 (Stat. Ann. § 25.110). This section, quoted in the foregoing opinion, provides that in no case shall a marriage be annulled thereunder on the application of a party who was of the age of legal consent at the time of the marriage. The bill for annulment expressly stated in paragraph 3 that plaintiff was 17 years of age at the time of marriage, and in paragraph 4, that the age of consent for females by the laws of Indiana was 16. On its face, therefore, the bill is incapable of invoking the jurisdiction of the court to which it is addressed, by virtue of the express provision of the statute under which it is avowedly brought.