*In re* TOTH ESTATE

TOTH v TOTH

1. MARRIAGE—VALIDITY—LOCATION OF SOLEMNIZATION—CONFLICT OF LAWS.

   Michigan follows the well-established general rule that a marriage valid where it is contracted is valid everywhere.

2. MARRIAGE—FIRST-DEGREE COUSINS—PROHIBITION—LOCATION OF SOLEMNIZATION—CONFLICT OF LAWS

   The Michigan prohibition against marriage between cousins of the first degree applies only to marriages solemnized in this state; a marriage between first cousins solemnized in Hungary and valid under Hungarian laws is valid in Michigan (MCLA 551.3, 551.4).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 October 9, 1973, at Lansing. (Docket No. 16139.) Decided October 30, 1973.

Petitions by Anna Toth for widow's election and allowance were filed in the probate of the estate of Joseph Toth. Petitions denied. Mrs. Toth appealed to the circuit court. Complaint by William J. Toth, executor of the estate of Joseph Toth, deceased, against Anna Toth alleging that she was not the widow of Joseph Toth. Cases consolidated in circuit court. Relief granted in favor of Anna Toth. William Toth appeals. Affirmed.

*Bolle, Gase, Gilleran & Williams,* for William Toth.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Marriage § 80.
[2] 52 Am Jur 2d, Marriage § 84.

*Mihelich, Carlson & Purdo* (by *Robert W. Carlson),* for Anna Toth.

Before: T. M. Burns, P. J., and V. J. Brennan and Van Valkenburg,* JJ.

Per Curiam. Joseph Toth, a resident of Roseville, Michigan and Anna Ganczer, a citizen of Hungary, were married in Hungary in August of 1964. They returned to Michigan and lived in Macomb County until Joseph Toth died on July 6, 1970. Anna filed petitions for a widow's election and allowance in the Macomb County Probate Court. That court denied her petitions, but the circuit court granted her relief. At the same time, the executor of the estate filed an action in the Macomb County Circuit Court, alleging that Anna was not the widow of Joseph in that their marriage was invalid because they were counsins of the first degree. MCLA 551.3; MSA 25.3 and MSA 551.4; MSA 25.4. This circuit court action was consolidated with the appeal from the probate court, and the trial court granted relief in favor of Anna. Leave to appeal was denied in the case which began in the Macomb County Probate Court. The claim of appeal from the circuit court decision is based upon the same grounds which have previously been found to be devoid of merit.

The plaintiff argues that Anna and Joseph, cousins of the first degree, were not lawfully husband and wife pursuant to MCLA 551.3; MSA 25.3 and MSA 551.4; MSA 25.4. However, an examination of the various provisions of the Hungarian People's Republic Law of 1952, particularly Chapter 2, Paragraph 8, reveals that marriage between first-degree cousins is not prohibited. Also, the district

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court in Pest County, Budapest, Hungarian People's Republic, has recently found the marriage between Anna and Joseph valid pursuant to the Hungarian laws. Michigan follows the well-established general rule that a marriage valid where it is contracted is valid everywhere. *Hutchins v Kimmell,* 31 Mich 126, 131 (1875).

The case of *In re Miller's Estate,* 239 Mich 455; 214 NW 428 (1927), is squarely on point and controls the decision in this case. The Supreme Court pointed out that our prohibitions against marriage between first-degree cousins applies only to marriages solemnized in this state. Thus, a marriage between two cousins of the first degree, both residents of Michigan, who specifically went to Kentucky to evade the Michigan prohibitions, was found to be valid despite the Michigan laws prohibiting such a marriage. The Hungarian People's Republic obviously recognizes the validity of marriages between cousins of the first degree. Therefore, pursuant to the decision in *In re Miller's Estate, supra,* the marriage between Anna Ganczer and Joseph Toth was valid.

Affirmed.