MATTER OF BALODIS

In Visa Petition Proceedings

A-22171332

*Decided by Regional Commissioner February 12, 1980*

(1) Classification under section 101(a)(15)(K) of the Act, 8 U.S.C. 1101(a)(15)(K), may be granted an alien beneficiary if it is established that: (1) The petitioner is a citizen of the United States; (2) is free to marry; (3) is able and intends to enter into a lawful marriage with the beneficiary within ninety days after arrival in the United States; and (4) the beneficiary is similarly able and intends to marry the petitioner within the specified time.

(2) Although Michigan law prohibits marriage between first cousins (Mich. Comp. Laws Anno. § 551.3), the prohibition does not apply to a marriage solemnized elsewhere.

(3) A marriage which is valid where contracted is recognized as valid in the state of Michigan despite the fact that it would be invalid if contracted in Michigan.

ON BEHALF OF PETITIONER:   Paul J. Sullivan, Esquire
211-K Waters Building
Grand Rapids, Michigan 49503

This matter is before the Regional Commissioner on appeal from the District Director's decision of November 2, 1979, denying the petition to classify the beneficiary as the fiancee of a United States citizen under section 101(a)(15)(K) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(K), as amended.

The petitioner is a 55-year-old native of Latvia and a naturalized citizen of the United States. The beneficiary is a 47-year old native and citizen of Latvia. The two have met, and are related to each other as first cousins. The petitioner is a resident of Michigan and the couple intend to reside there after they are married.

Classification under section 101(a)(15)(K) of the Act may only be accorded the alien beneficiary if it is established that: (1) the petitioner is a citizen of the United States; (2) is free to marry; (3) is able and intends to enter into a lawful marriage with the beneficiary within ninety days after her arrival in the United States; and (4) the beneficiary is similarly able and intends to marry the petitioner within the specified time.

The District Director noted that Michigan law precludes marriage between first cousins (Mich. Comp. Laws Ann. § 551.3). Therefore, the District Director concluded that the petitioner and beneficiary are unable to conclude a valid marriage and the petition was denied.

On appeal the petitioner, through counsel, convincingly argues that the petition must be approved since the petitioner and the beneficiary are free to conclude a valid marriage, although admittedly they are unable to do so in Michigan. Over one-fourth of the states do recognize as valid a marriage between first cousins. Nevertheless, the District Director contends that because the couple will reside in Michigan their prospective marriage will not be recognized as valid in Michigan. The applicable case law clearly rejects the District Director's position.

The statutory prohibition of marriage between first cousins applies only to those marriages solemnized in Michigan, *Toth* v. *Toth*, 50 Mich. App. 150, 212 N.W.2d 812 (1973), and does not apply to marriages solemnized elsewhere. *In re Miller's Estate*, 239 Mich. 455, 214 N.W. 428 (1927). Accordingly, a marriage which is valid where contracted is recognized as valid in Michigan despite the fact that it would be invalid if contracted in Michigan. *Noble* v. *Noble*, 299 Mich. 565, 300 N.W. 885 (1941); *In re Miller's Estate, supra.*

We need not concern ourselves with the law regarding incest between first cousins, Mich. Comp. Laws Ann. § 750.333, because this prohibition does not apply where the first cousins have entered into a marriage valid where solemnized. *In re Miller's Estate, supra.* Neither need we be concerned with the situation where a marriage validly contracted in another state solely to evade the statutory prohibitions in the parties' state of residence may be held invalid where the law of the parties' state of residence so specifies. *See, e.g., Matter of Zappia*, 12 I&N Dec. 439 (BIA 1967). Here, Michigan does permit the first cousins to leave the state solely to contract a lawful marriage in a state which recognizes marriages between first cousins, and such marriage shall be held good upon their return to Michigan. 1939-40 Op. Mich. Atty. Gen. 177.

In view of the foregoing, I find that the petitioner and the beneficiary will be able to enter into a valid marriage outside of Michigan and to have that marriage recognized as valid upon their return to reside in Michigan. The record establishes that the parties do intend to enter into a lawful marriage within the specified time. Accordingly, the provisions of section 101(a)(15)(K) of the Act have been satisfied. The District Director's decision will be reversed and the petition approved.

**ORDER:** The appeal is sustained and the petition is approved.