# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER STANKEVICH, a/k/a JENNIFER
MILLIRON,

        Plaintiff-Appellant,

v

LEANNE MILLIRON,

        Defendant-Appellee.

FOR PUBLICATION
November 19, 2015
9:00 a.m.

No. 310710
Dickinson Circuit Court
LC No. 12-016939-DP

ON REMAND

Before: RIORDAN, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition for failing to state a claim under MCR 2.116(C)(8). Pursuant to the dictates of the United States Supreme Court in *Obergefell v Hodges*, ___ US ___; 135 S Ct 2584; 192 L Ed 2d 609 (2015), we remand this matter for proceedings consistent with this opinion.

## I. BACKGROUND

In our October 17, 2013 opinion in this matter, we summarized the factual background of the case:

> The parties entered into a same-sex marriage in Canada in July 2007. Before that date, defendant had been artificially inseminated, and later gave birth to a child. Defendant is the biological mother of the child.

> The parties' [sic] separated in March 2009. While they initially agreed to a visitation schedule, they subsequently found that they could not agree. Thus, plaintiff filed a verified complaint, asserting that she fully participated in the care and rearing of the minor child. She requested relief from the trial court, which included an order dissolving the marriage, an order affirming that she is the parent of the child, and orders regarding custody, parenting time, and child support.

> Defendant, however, filed a motion for summary disposition pursuant to MCR 2.116(C)(8). She asserted that plaintiff did not have standing to petition for

-1-

custody of the child. The trial court granted defendant's motion. Plaintiff now appeals. [*Stankevich v Milliron*, unpublished opinion per curiam of the Court of Appeals, issued October 17, 2013 (Docket No. 310710), p 1, vacated and remanded 498 Mich 877 (2015).]

In our previous opinion, we upheld the grant of summary disposition to defendant because plaintiff lacked standing to bring this action. *Stankevich*, unpub op at 1. We noted that the Child Custody Act (CCA) defines "parent" as the "natural or adoptive parent of a child." *Id.* at 2, citing MCL 722.22(h).[1] Plaintiff is not a parent under this definition because she is not an adoptive parent and because she is not related to the child by blood. *Id.*, citing *Random House Webster's College Dictionary* (2005) (defining "natural" as, in part, "related by blood rather than by adoption: *one's natural parents*."). Likewise, we rejected plaintiff's request to apply the equitable parent doctrine that was adopted in *Atkinson v Atkinson*, 160 Mich App 601, 608-609; 408 NW2d 516 (1987). *Stankevich*, unpub op at 3-5. The basis of our conclusion was that applying the doctrine in this case would be contrary to *Van v Zahorik*, 460 Mich 320, 330-331; 597 NW2d 15 (1999), in which the Michigan Supreme Court declined to extend the equitable parent doctrine outside the context of marriage, because recognizing plaintiff's same-sex union as a marriage under the equitable parent doctrine would violate the constitutional and statutory provisions defining marriage. *Stankevich*, unpub op at 3-5.

On November 25, 2013, plaintiff filed an application for leave to appeal with the Michigan Supreme Court. In light of the pending appeals from the decision in *DeBoer v Snyder*, 973 F Supp 2d 757 (ED Mich, 2014), rev'd 772 F3d 388 (CA 6, 2014), rev'd sub nom *Obergefell*, 135 S Ct 2584, on April 25, 2014, our Supreme Court entered an order holding the application in the instant matter in abeyance. *Stankevich v Milliron*, ___ Mich ___; 844 NW2d 724 (2014).

With the United States Supreme Court's decision in *Obergefell*, on September 11, 2015, the Michigan Supreme Court vacated our judgment in this case and remanded it to us for reconsideration. *Stankevich v Milliron*, 498 Mich 877; 868 NW2d 907 (2015).

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

We review the grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint," and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id.* at 119. Furthermore, the motion only should be granted when the claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation marks and citation omitted).

---

[1] MCL 722.22(h) was subsequently amended by 2015 PA 51, effective September 7, 2015. The definition of "parent" remains the same, although it is now codified under MCL 722.22(i).

"Whether a party has legal standing to assert a claim constitutes a question of law that we review de novo." *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001).

## B. ANALYSIS

Because of the United States Supreme Court's opinion in *Obergefell*, plaintiff has standing under the equitable parent doctrine since Michigan now is required to recognize the parties' same-sex marriage, and plaintiff's complaint alleges facts that, if proven, are sufficient to establish equitable parenthood.[2]

"Generally, a party has standing if it has some real interest in the cause of action, . . . or interest in the subject matter of the controversy." *In re Anjoski*, 283 Mich App 41, 50; 770 NW2d 1 (2009) (quotation marks and citation omitted; alteration in original). Yet, "this concept is not given such a broad application in the context of child custody disputes involving third parties, or any individual other than a parent[.]" *Id.* (quotation marks and citation omitted; alteration in original).

However, this Court adopted the equitable parent doctrine in *Atkinson*, 160 Mich App at 608-609, holding:

> [W]e adopt the do[c]trine of equitable parent and find that a husband who is not the biological father of a child born or conceived during the marriage may be considered the natural father of that child where (1) the husband and the child mutually acknowledge a relationship as father and child, or the mother of the child has cooperated in the development of such a relationship over a period of time prior to the filing of the complaint for divorce, (2) the husband desires to have the rights afforded to a parent, and (3) the husband is willing to take on the responsibility of paying child support.

This Court stated that, given its recognition that "a person who is not the biological father of a child may be considered a parent against his will, and consequently burdened with the responsibility of the support for the child[,]" such a person, in being treated as a parent, may also seek the rights of custody or parenting time. *Id.* at 610. This Court also has applied the equitable parent doctrine in later cases. See, e.g., *York v Morofsky*, 225 Mich App 333, 335, 337; 571 NW2d 524 (1997); *Soumis v Soumis*, 218 Mich App 27, 34; 553 NW2d 619 (1996). However, as mentioned *supra*, our Supreme Court declined to extend the equitable parent doctrine outside the context of marriage in *Van*, 460 Mich at 337.

---

[2] The remaining aspects of our previous opinion are unaffected by *Obergefell* because the opinion only affected our analysis of the equitable parent doctrine. Our application of the definition of "parent" under the CCA does not run afoul of *Obergefell* because now that definition applies equally to same-sex and opposite-sex married couples. See MCL 722.22(i) (previously MCL 722.22(h)).

In our previous opinion, we concluded that the equitable parent doctrine should not be expanded to include same-sex couples, such as the parties in this case, because Michigan statutory and constitutional provisions precluded recognition of the parties' same-sex marriage, and *Van* limited the application of the equitable parent doctrine to the confines of marriage. *Stankevich*, unpub op at 3-5. However, now with *Obergefell*, Michigan is required to recognize the parties' same-sex marriage.

In *Obergefell*, 135 S Ct at 2604-2605, the United States Supreme Court held,

[T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. . . .

The Supreme Court therefore held invalid state laws, including Michigan's constitutional provision defining marriage as a union between one man and one woman, Const 1963, art 1, § 25, *Obergefell*, 135 S Ct at 2593, "to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples," *id*. at 2605.

The Court also addressed "whether the Constitution requires States to recognize same-sex marriages validly performed out of State[]" and concluded that "the recognition bans inflict substantial and continuing harm on same-sex couples." *Id*. at 2607. Accordingly, the Court held that "same-sex couples may exercise the fundamental right to marry in all States. It follows that the Court also must hold—and it now does hold—that there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id*. at 2607-2608. Thus, under *Obergefell*, the holding in *Van* limiting the equitable parent doctrine to the confines of marriage is no longer a barrier to the application of that doctrine in this case, *Van*, 460 Mich at 337, and we are required to conclude that plaintiff is not barred from asserting the applicability of the equitable parent doctrine.

Plaintiff's complaint alleges that the parties in the instant matter were married in Canada in 2007 and that defendant's biological child was born during the course of that marriage. As *Obergefell*, 135 S Ct at 2604-2605, requires that same-sex couples be permitted to exercise the fundamental right to marry on the same terms and conditions as opposite-sex couples, an application of a legal doctrine excluding same-sex married couples from the doctrine of equitable parenthood goes against the dictates of *Obergefell,* which we are bound to follow.

Should it be determined by the trial court that the parties' proffered marriage was valid pursuant to Canadian, or applicable provincial, domestic relations law and other legal and contractual requirements,[3] plaintiff alleges facts that afford her standing to seek the status of an

---

[3] Unlike marriages solemnized in sister states, which are generally recognized as valid in this state, Michigan has no statute requiring the recognition of marriages celebrated in foreign nations. Nonetheless, Michigan courts recognize marriages solemnized in foreign nations as a

equitable parent. As previously discussed, the parties claim that the child was born during the course of their Canadian marriage. Plaintiff alleges that the parties entered into an agreement to conceive and raise the child with the attendant parental rights and responsibilities. Plaintiff also claims that she assisted with the artificial insemination process through which the child was conceived, that she was present at the child's birth, and that she fully participated in the care and rearing of the child until defendant prevented her from doing so. Further, plaintiff alleges that, during the parties' relationship, they shared parental responsibilities and duties equally. She asserts that she always has maintained a strong parental role that included bonding with the child, providing for the child financially, attending the child's health care appointments, making medical decisions with defendant concerning the child's care, and providing a home for the child. Further, after going their separate ways in March 2009, the parties had a parenting-time schedule for a significant period of time. Plaintiff's complaint requests an order that affirms her parental status, an order making custody and parenting time determinations, and an order of child support.

As set forth, plaintiff's allegations would establish factually her standing to file this action seeking equitable parenthood. The facts alleged in the complaint, if proven, would support the elements of the equitable parent doctrine as set forth in *Atkinson*, 160 Mich App at 608-609.

Thus, we remand this matter for an evidentiary hearing to determine whether plaintiff is entitled to be deemed an equitable parent.

### III. CONCLUSION

*Obergefell*, 135 S Ct at 2599-2601, 2604-2605, 2607-2608, requires Michigan to recognize same-sex marriages. Therefore, we reverse the order granting summary disposition in favor of defendant and remand for an evidentiary hearing concerning the validity of the parties'

---

matter of comity. It is well settled that Michigan's law and public policy favor the institution of marriage, *Van*, 460 Mich at 332; *Boyce v McKenna*, 211 Mich 204, 214; 178 NW 701 (1920), and Michigan courts have long recognized the validity of marriages celebrated in foreign countries, provided that those marriages are valid in the nation of celebration and that they are not antithetical to Michigan's public policy, see, e.g., *Boyce*, 211 Mich at 215; *People v Imes*, 110 Mich 250, 251; 68 NW 157 (1896); *Hutchins v Kimmell*, 31 Mich 126, 130-131 (1875). The rule in Michigan is that the validity of a foreign marriage must be determined by reference to the domestic relations law of the country of celebration. *Hutchins*, 31 Mich at 131; see also *Noble v Noble*, 299 Mich 565, 568; 300 NW 885 (1941); *In re Osborn's Estate*, 273 Mich 589, 591; 263 NW 880 (1935); 16 Michigan Civil Jurisprudence, Marriage, § 4, p 561.

Upon remand, the trial court must determine the validity of the parties' Canadian marriage by referencing the domestic relations law of the place in which the plaintiff alleges that she was married to the defendant.

alleged Canadian marriage and the applicability of the equitable parent doctrine.  We do not retain jurisdiction.


/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly