*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Z. A. Keller, Minor.

UNPUBLISHED
January 14, 2026
9:23 AM

No. 376043
Branch Circuit Court
Juvenile Division
LC No. 20-005979-NA

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order terminating his parental rights to the minor child, ZAK, under MCL 712A.19b(3)(g) (failure to provide proper care and custody), (j) (reasonable likelihood that child will be harmed if returned to the parent), and (i) (parental rights to another child previously terminated; failure to rectify conditions of prior termination). Respondent-father argues that the lawyer-guardian ad litem (LGAL)'s deficient performance deprived the child of her constitutional right to the effective assistance of counsel. Because respondent-father lacks standing to make this argument, and does not otherwise challenge whether statutory grounds for termination existed or whether termination was in the child's best interests, we affirm.

## I. BACKGROUND AND FACTS

In September 2024, the Michigan Department of Health and Human Services filed a termination petition against respondent-father alleging that he had a pending termination case for another child and that he had failed to rectify any of the barriers that led to the other child's removal from his care. The trial court determined that the allegations raised in the petition were proven by a preponderance of the evidence and exercised jurisdiction over the child and respondent-father, as the putative father. Before the termination hearing, the trial court also determined that respondent-father was the minor child's legal father. After the termination hearing was adjourned and rescheduled twice, the trial court determined that the statutory grounds for termination had

-1-

been met. The trial court also concluded that it was in the child's best interests to terminate respondent-father's parental rights. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo whether a party has standing to appeal. *Stankevich v Milliron*, 313 Mich App 233, 237; 882 NW2d 194 (2015).

## III. ANALYSIS

Respondent-father argues that the LGAL performed ineffectively in representing the child's best interests.

The constitutional protections of effective assistance of counsel are afforded to parties in child protective proceedings. *In re EP*, 234 Mich App 582, 598; 595 NW2d 167 (1999), overruled on other grounds by *In re Trejo*, 462 Mich 341; 612 NW2d 407 (2000). But "constitutional protections are generally personal and cannot be asserted vicariously, but rather only at the instance of one whose own protection was infringed." *Id*. (cleaned up).

MCL 712A.17c(7) provides that the trial court must appoint an LGAL for the child (or children) in child protective proceedings. The LGAL thus has a duty to provide effective assistance of counsel to the child—not the parents. See MCL 712A.17c(7); see also *In re EP*, 234 Mich App at 598. And "[b]ecause the right to effective assistance of counsel is a constitutional one, it is personal to the child and [a] respondent [in a child protective proceeding] may not assert it on behalf of the child." *Id.* See also *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009).

Accordingly, in the present case, respondent-father lacks standing to challenge the LGAL's representation of the child. See *id.*; *In re EP*, 234 Mich App at 598. Respondent-father does not acknowledge that he lacks standing to assert this claim and provides no argument that he should have standing. Therefore, respondent-father provides no compelling reason that justifies distinguishing the case from binding precedent. See MCR 7.215(C)(2); MCR 7.215(J)(1). Accordingly, we follow the established precedent that parents lack standing to challenge whether their child received effective assistance of counsel. See *In re EP*, 234 Mich App at 598. And because respondent-father has no standing, we decline to address the merits of his claim. See *id.*

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi