MOSHIER v CITY OF ROMULUS

1. MUNICIPAL CORPORATIONS—TAXPAYERS—STANDING TO SUE—MISUSE
   OF PUBLIC FUNDS.
   A plaintiff taxpayer has standing to maintain an action against a
   municipality for misuse of public funds even if his interest in
   the outcome is financially insignificant; the misuse of public
   funds generally affects all taxpayers and entitles one to take
   action against such wrongful acts.

2. DEDICATION—PRIVATE ROADS—PUBLIC USES—INSUFFICIENCY OF
   PUBLIC ACTION.
   A road was properly found to be private and never dedicated to
   the public, where the cost of repair had always been borne by
   the residents adjacent to the road and the city had never
   reported the road as public for purposes of state reimburse-
   ment, continually taxed abutting owners to the center of the
   road, and required anyone building adjacent to the road to
   maintain it in front of his property.

3. DEDICATION—INTENT.
   In order to find that a piece of property has been dedicated to the
   public use by the owner of the property, there must appear a
   clear intent to do so; all of the facts and circumstances must
   positively and unequivocally disclose the requisite intention.

4. INJUNCTION—MISUSE OF PUBLIC FUNDS—SUFFICIENCY OF HEARINGS.
   The use of a permanent injunction is an appropriate form of
   relief in a suit to enjoin misuse of public funds, and such an
   injunction was properly issued following a show cause hearing
   where several hearings had taken place, memoranda of law had
   been filed, testimony received, and no motion had been made
   by the defendant to take additional proofs.

Appeal from Wayne, George E. Bowles, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 74 Am Jur 2d, Taxpayers' Actions § 16 *et seq.*
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 3.
[3] 23 Am Jur 2d, Dedication §§ 1, 19, 21, 76, 77, 79.
[4] 74 Am Jur 2d, Taxpayers' Actions § 41.

mitted Division 1 May 9, 1974, at Detroit. (Docket No. 16613.) Decided June 24, 1974.

Complaint by Bill B. Moshier and Carol Moshier against the City of Romulus for injunctive relief. Injunction granted. Defendant appeals. Affirmed.

*B. B. Moshier,* for plaintiffs.

*Elsman, Young & O'Rourke,* for defendant.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

BASHARA, P. J. Plaintiffs brought suit to enjoin the defendant, City of Romulus, from expending public funds for the care and maintenance of a private road located in that city. The trial court after hearing the proofs and argument of the parties, issued a permanent injunction prohibiting further expenditure of public funds. Defendant appeals the court's order raising both errors of law and findings of fact.

Defendant first argues that plaintiffs do not have standing to maintain this action. The city admits that plaintiffs are taxpayers, but asserts that their interest in the outcome is so financially insignificant as to preclude a finding of proper standing. Defendant cites *McManus v City of Petoskey,* 164 Mich 390; 129 NW 681 (1911), for support of its argument that plaintiffs must have an interest of over $100 in the suit to maintain the action. The statute involved in that case, however, was repealed nearly 70 years ago. In *Bacon v Detroit,* 282 Mich 150; 275 NW 800 (1937), the Court considered a question similar to the one at bar:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"The statute, Act No. 183, Pub Acts 1903, requiring taxpayers to show interest or damage of $100 to maintain suit to restrain a threatened misuse of city funds was repealed by Act No. 216, Pub Acts 1905, and is not now the law. 3 Comp Laws 1929, § 13943. Plaintiff may maintain the suit. *Carrier v State Administrative Board,* 225 Mich 563 [196 NW 182 (1923)]; *Freeland v City of Sturgis,* 248 Mich 190 [226 NW 897 (1929)]."

The plaintiffs here are likewise not precluded from maintaining this action. The misuse of public funds generally affects all taxpayers and entitles one to take action against such wrongful acts, except as limited by GCR 1963, 201.2(3).

The second issue raised by defendant is whether it acted wrongfully in attempting to repair and maintain the subject road. It is defendant's contention that the road became "public" through dedication by the former owners to the City of Romulus. *Laug v Ottawa County Road Commission,* 37 Mich App 757, 761; 195 NW2d 336, 338 (1972), stands for the proposition that certain elements must be shown for proving dedication:

"In order to find that a piece of property has been dedicated to the public use by the owner of the property, there must appear a clear intent on the part of the owner to dedicate his property for such use. * * * It is true that intent may be found from the actions of individuals, but such actions must be unequivocal. * * *

"In determining the existence of an intention to dedicate, all of the facts and circumstances bearing on the question must be considered and, to be sufficient, they must positively and unequivocally disclose the requisite intention. * * * "

We have reviewed the record and agree with the trial court's finding that the controverted road was never dedicated and remained private. The court found that except for two instances, the cost of

repair had always been borne by the residents. The city had never reported the road as public for purposes of state reimbursement, and continually taxed the abutting owners to the center of the road. Furthermore, as late as July, 1972, the defendant required anyone building adjacent to the road to agree to maintain it in front of his property. In finding the road to be private the trial court properly restrained the further expenditure of public funds since they may not be used for repair or improvement of private property. Const 1963, Art III, § 6; *Bates v City of Hastings,* 145 Mich 574; 108 NW 1005 (1906).

Defendant next questions the propriety of issuing a permanent injunction as a remedy to plaintiff's action. The use of permanent injunctions has long been recognized as an appropriate form of relief in suits to enjoin misuse of public funds. *Attorney General v Detroit,* 26 Mich 263 (1872); *McManus, supra.*

Defendant's final allegation was that a permanent injunction should not issue from a show cause hearing. The facts do not support his allegation, but indicate that the order was issued only after several hearings had taken place, memoranda of law had been filed, testimony received, and no motion was made by defendant to take additional proofs. The order of the trial court was proper under the circumstances of this case. *Thomson v Dearborn,* 347 Mich 365; 79 NW2d 841 (1956).

Affirmed, costs to plaintiff.

All concurred.