KAMINSKAS v CITY OF DETROIT

1. ACTION—MUNICIPAL TAXPAYERS' SUIT—PLEADING—SUFFICIENCY OF ALLEGATIONS.

A municipal taxpayers' suit is a judicially sanctioned action whereby municipal taxpayers are allowed to challenge unlawful municipal acts that injure the plaintiffs as taxpayers through increased taxation and the consequences thereof; as a minimum, a clear statement of present or prospective damages to taxpayers is required, and a mere allegation of "harm and detriment to the taxpayer" without a description of the harm is insufficient to maintain an action against a city as a municipal taxpayers' suit.

2. PARTIES—STANDING—PLEADING—ALLEGATIONS OF HARM.

An individual plaintiff and plaintiff employees' associations lack standing to sue a city for wrongfully employing provisional employees where the individual plaintiff makes no allegations that she has been wrongfully denied employment by the hiring of the provisional employees, and the associations make no allegations that they are authorized to represent anyone who has been injured by the provisional hirings.

3. MUNICIPAL CORPORATIONS—CITY CHARTERS—PARTIES—ILLEGAL EXPENDITURE OF FUNDS—STANDING—STATUTES.

A section of the Detroit City Charter which allows "any person" to challenge an illegal expenditure of funds cannot be interpreted to mean that any person whatsoever may sue, but is restricted by the traditional legal doctrines of standing, capacity, and real party in interest; a city charter cannot have a provision that conflicts with or contravenes any general law of the state (MCLA 117.36; MSA 5.2116; Detroit Charter, Art 6, ch 5, § 6-515).

Appeal from Wayne, Horace W. Gilmore, J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 74 Am Jur 2d, Taxpayers' Action §§ 5, 16, 17.
[2] 63 Am Jur 2d, Public Officers and Employees § 533 *et seq.*

Submitted December 8, 1975, at Detroit. (Docket No. 24000.) Decided April 6, 1976. Leave to appeal applied for.

Complaint by Carol Kaminskas, the General Accountants, Analysts and Appraisers Association, and the Senior Accountants, Analysts and Appraisers Association against the City of Detroit, Detroit Mayor Coleman Young, the Detroit Civil Service Commission, and the Detroit City Council for a declaratory judgment that the city charter had been violated by the hiring of provisional employees and for an injunction against further violations of the charter. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*David N. Walsh,* for plaintiffs.

*Kermit G. Bailer,* Corporation Counsel, and *Victor G. Marrocco,* Assistant Corporation Counsel, for defendants.

Before: V. J. BRENNAN, P. J., and R. M. MAHER and G. W. BRITTEN,* JJ.

PER CURIAM. Plaintiff Kaminskas, a taxpayer of the City of Detroit, and plaintiff associations, unions allegedly representing city employees who are residents, taxpayers and voters in the City of Detroit, filed a complaint against the City of Detroit, the Detroit Civil Service Commission, the Mayor of Detroit, and the Detroit City Council in the Wayne County Circuit Court. The court granted defendants' motion for summary judgment, holding that plaintiffs had alleged no personal harm and hence had no standing to sue. Plaintiffs appeal this decision as of right. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The complaint sought a declaratory judgment that the city charter had been violated by the hiring of provisional employees and also sought an injunction against further violations of the charter. The plaintiffs claimed that the Civil Service Commission had authorized the hiring of provisional employees contrary to the civil service examination system mandated by the charter. The complaint alleged "harm and detriment of the employees who could seek advancement and the voting taxpayer who has a right to expect compliance with the charter and the opportunity for employment". In short, damage to present and prospective employees and voting taxpayers was very generally pleaded. We must decide if present plaintiffs are the proper plaintiffs to advance these general claims and to contest the actions of defendants.

The action cannot be maintained as a taxpayers' suit. The action is clearly not a taxpayers' suit under GCR 1963, 201.2, MCLA 600.2041(3); MSA 27A.2041(3), for there is no mention at all of the expenditure of state funds. Nor is the action a municipal taxpayers' suit. A municipal taxpayers' suit does not arise out of any specific statutory or court rule grant of standing to sue, but is a judicially sanctioned action whereby muncipal taxpayers are allowed to challenge unlawful municipal acts that injure the plaintiffs as taxpayers. *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953). *Menendez* requires that the plaintiff allege a particular kind of injury:

"[I]t is clearly recognized that prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the conse-

quences thereof. This is uniformly true of all the Michigan cases considering this subject."

While there is some variance in Michigan case law concerning the character or quantum of taxpayer's loss that is required in the pleadings,[1] all cases we have surveyed require, as a minimum, a clear statement of present or prospective damages to taxpayers. The present complaint gave the trial court no indication of how the plaintiffs, as taxpayers, would be adversely affected by the defendants' policies of hiring provisional employees instead of civil service employees. The mere conclusion of "harm and detriment to the taxpayer", without a description of the harm, is insufficient.

As was stated in *Andrews v South Haven,* 187 Mich 294, 304; 153 NW 827 (1915):

"The bill does not show that complainant has sustained or will suffer any loss or damage as a taxpayer by reason of what is charged. No increase in taxation * * * is shown. * * * To entitle him to equitable relief as a taxpayer, present or prospective damages must be shown. *Baker v City of Grand Rapids,* 142 Mich 687 (106 NW 208) [1906]."

Plaintiffs claim that if their suit does not qualify as a taxpayers' suit, they qualify as individuals, or as representatives of individuals, who have suffered damages and have cognizable grievances. Again, we disagree. Plaintiff Kaminskas makes no allegations that she has been wrongfully denied employment by the hiring of provisional employees. Plaintiff associations make no allegations that they are authorized to represent anyone who

---

[1] *Compare Moshier v Romulus,* 54 Mich App 65, 67; 220 NW2d 37 (1974) ("generally affects all taxpayers"), with *McManus v Petoskey,* 164 Mich 390, 394; 129 NW 681 (1911) ("inevitably necessitate[s] the raising by tax an * * * amount.").

has been injured by the provisional hirings. All we find in the complaint are allegations of "harm and detriment" to *some* employees, not necessarily those represented by plaintiff associations.[2]

Inasmuch as plaintiffs have failed to show any facts whereby they are injured or represent anyone injured, they lack standing. *Inglis v Public School Employees Retirement Board,* 374 Mich 10, 13; 131 NW2d 54 (1964).

Plaintiffs finally contend that the Detroit Charter, Article 6, ch 5, § 6-515, allows them to maintain this action. The section, entitled "Payrolls", reads:

> "*Any* sum knowingly or wilfully paid contrary to this chapter or any departmental policy or rule may be recovered in an action brought by *any* person from any officer who made or approved the payment, or from the sureties on the official bond of the officer. All monies recovered shall be paid into the city treasury. *Any* person may bring a suit to restrain an officer from making *any* payment contrary to this chapter, or any departmental rule, regulation or order." (Emphasis added.)

The trial judge interpreted this section as providing a citizen's remedy for the alleged expenditure of public funds and found it inapplicable to the issue of the Civil Service Commission's power to appoint provisional employees. We agree with the trial judge's result, but we dispose of § 6-515 in a different manner.

The section, were it really to allow "any person"

---

[2] In plaintiffs' answers to defendants' interrogatories, we do find assertions that the hiring of provisional employees has caused a deprivation "of available money for salary increases [and] promotions" and "excessive layoffs". We do not find any indication that plaintiffs represent any persons who have suffered these alleged harms. We find instead the cryptic statement, as part of an answer, that association members' injuries are "immaterial".

to challenge an illegal expenditure of funds, would allow the present plaintiffs to challenge the hiring of provisional employees and the expenditure of funds to pay them. We cannot, however, interpret § 6-515 to mean that "any person" whatsoever may sue. The charter's allowance of a suit by any person must be restricted by traditional legal doctrines of standing, capacity, and real party in interest, for the city charter cannot have a provision that conflicts with or contravenes any general law of the state. MCLA 117.36; MSA 5.2116. See *Marks v Battle Creek,* 358 Mich 114, 117; 99 NW2d 587 (1959). Section 6-515 of the charter does not affect our conclusion that none of the plaintiffs had standing to sue.

Plaintiffs failed to demonstrate that they suffered any injury as individuals or as taxpayers as a result of the hiring of provisional employees. They are consequently not proper parties to this action, for they lack the requisite standing. *Western v Allen Park,* 37 Mich App 121, 123; 194 NW2d 542 (1971).

Affirmed. No costs, a public question being involved.