FRANKLIN HISTORIC DISTRICT STUDY COMMITTEE v
VILLAGE OF FRANKLIN

Docket No. 220853. Submitted February 3, 2000, at Detroit. Decided May
   16, 2000, at 9:15 A.M.
   The Franklin Historic District Study Committee and the Franklin His-
   toric District Commission brought an action in the Oakland Circuit
   Court against the village of Franklin, seeking declaratory and
   injunctive relief against the defendant's removal of a parcel of
   realty from the Franklin Historic District. The court, Fred M.
   Mester, J., granted summary disposition for the defendant, ruling
   that the plaintiffs lacked standing to bring the action. The plaintiffs
   appealed. While the appeal was pending, the commission was dis-
   missed from the appeal by stipulation, and three members of the
   commission, two of whom were also members of the study com-
   mittee, were allowed to intervene as appellants.
   The Court of Appeals held:
   The trial court did not err in determining that the study commit-
   tee lacked standing. Under the Local Historic Districts Act (LHDA),
   MCL 399.201 et seq.; MSA 5.3407(1) et seq., a local historic district
   study committee is appointed by, and is part of, a local unit of gov-
   ernment. A local historic district study committee cannot maintain
   an action against the local unit of government that created it and of
   which it is a part. Also, the study committee failed to demonstrate
   an actual injury or likely chance of immediate injury. The study
   committee did not suffer injury inasmuch as it was not prevented
   from carrying out its functions under the LHDA, and there was no
   likely chance of immediate injury once the property was removed
   from the historic district by the defendant, as allowed by the LHDA.
   Affirmed.
   O'CONNELL, P.J., concurring, stated that even if the plaintiffs have
   standing, their claims are not judicially cognizable. The defendant
   had explicit statutory authority to modify the boundaries of the his-
   toric district, or even to eliminate it entirely. Judicial review of the
   defendant's decision to remove the property from the district
   would not be appropriate, given the political nature of this dispute.

MUNICIPAL CORPORATIONS — HISTORIC DISTRICT STUDY COMMITTEES — ACTIONS — STANDING.

> An historic district study committee is part of the local unit of government that appointed it pursuant to the Local Historic Districts Act; as such, a committee that disagrees with a decision made by a local unit of government concerning the boundaries of a district or the inclusion or exclusion of properties in a district lacks standing to bring an action challenging the decision (MCL 399.201 *et seq.*; MSA 5.3407[1] *et seq.*).

*Cohen, Lerner & Rabinovitz, P.C.* (by *Steven Z. Cohen* and *Joshua A. Lerner*), for Franklin Historic District Study Committee and others.

*Beier Howlett, P.C.* (by *John D. Staran*), for village of Franklin.

Before: O'CONNELL, P.J., and MURPHY and JANSEN, JJ.

PER CURIAM. Plaintiff-appellant Franklin Historic District Study Committee[1] appeals as of right from the trial court's order dismissing its complaint for declaratory and injunctive relief on the ground that plaintiffs Franklin Historic District Commission and Franklin Historic District Study Committee lack standing to sue defendant. We affirm.

Defendant village of Franklin owns a parcel of open space property located within its historic district, which it established pursuant to the Local Historic Districts Act (LHDA), MCL 399.201 *et seq.*; MSA

---

[1] Initially, there were two plaintiffs involved in this case: Franklin Historic District Commission and Franklin Historic District Study Committee. Following a stipulation to dismiss, the Franklin Historic District Commission was dismissed from the appeal in an unpublished order dated February 1, 2000. Appellants Virginia Rodgers, Jacqlyn Rokicki, and Diana Bauer intervened following this Court's order granting their motion to intervene, dated October 29, 1999. They are three of the seven members of the commission, and Rodgers and Rokicki are also members of the study committee. They raise no issues additional to those raised by the study committee.

5.3407(1) *et seq.* In February 1998, defendant, through its village council, filed an application with the commission for a permit to build a new police facility on the open space property. The commission denied defendant's application in March 1998. Although defendant initially appealed the commission's decision to the Michigan State Preservation Review Board, it withdrew its appeal in July 1998.

In October 1998, defendant passed a resolution requiring the study committee to review and issue a report regarding the elimination of the open space property from the historic district. In February 1999, defendant passed a resolution seeking to amend the historic district ordinance to reflect the removal of the open space property from the historic district in order to construct a police facility on the property. Two days after passage of the resolution, the study committee issued its final report, recommending that the open space property not be eliminated from the historic district. On March 15, 1999, defendant's council passed an amended ordinance removing the open space property from the historic district.

Plaintiffs filed a complaint seeking declaratory and injunctive relief. Plaintiffs alleged that defendant violated the LHDA by failing to exhaust its administrative appeal of the commission's decision and, therefore, defendant's act of removing the open space property from the historic district is invalid. Plaintiffs also challenged defendant's act of removing the open space property from the historic district as arbitrary and capricious.

The parties each moved for summary disposition. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(5), find-

ing that plaintiffs lacked standing to sue defendant. It ruled that plaintiffs and defendant are not separate legal entities and that plaintiffs failed to present evidence establishing that they suffered an injury different from that of the citizenry at large. The trial court did not address the merits of plaintiffs' action.

The study committee challenges the trial court's conclusion that it lacked standing to sue defendant. We find no error.

We review de novo the trial court's ruling on a motion for summary disposition under MCR 2.116(C)(5). *Kuhn v Secretary of State,* 228 Mich App 319, 332-333; 579 NW2d 101 (1998). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered by the court when ruling on the motion. MCR 2.116(G)(5). This Court must review the record to determine whether the moving party is entitled to judgment as a matter of law. *Kuhn, supra,* p 333. Further, whether a party has standing to bring an action is a question of law reviewed de novo. *Dep't of Consumer & Industry Services v Shah,* 236 Mich App 381, 384; 600 NW2d 406 (1999).

As our Supreme Court has explained, "[t]he concept of standing represents a party's interest in the outcome of litigation that ensures sincere and vigorous advocacy." *House Speaker v Governor,* 443 Mich 560, 572; 506 NW2d 190 (1993). A party must demonstrate more than just a commitment to vigorous advocacy, it must show that it has a substantial interest that will be detrimentally affected in a manner distinct from that of the citizenry at large. *Id.* That is, the plaintiff must demonstrate an actual injury or likely chance of immediate injury that is different from that

of the general public. *Kuhn, supra,* p 333. The plaintiff's suit is generally precluded if its interests are no different than those of the public. *Id.*

The study committee first argues that the trial court erred in concluding that it has no standing because it is not a legal entity separate from defendant and, therefore, not capable of suing defendant. An examination of the LHDA reveals that the study committee is incorrect. Although historic district commissions and study committees are provided authority to enforce and administer the act with respect to an historic district established by a local unit of government, such as defendant, those entities are not given statutory authority over their local unit. The municipality, here, defendant, appoints the historic district study committee. MCL 399.203(1); MSA 5.3407(3)(1). Section 3 of the LHDA similarly provides for the duties of an historic district study committee. This section indicates that the legislative body of the local unit has control over the regulation of historic districts and, thus, is not under the authority of the study committee. Clearly, the study committee was created by and is part of defendant. The trial court did not err in concluding that the study committee is not separate from defendant and therefore could not maintain an action against defendant.

The trial court's conclusion in this regard is further supported by our Supreme Court's decision in *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n,* 456 Mich 590; 575 NW2d 751 (1998). There, the Supreme Court held that the road commission, as a creation of the Legislature, cannot assert an equal protection challenge against its creator, the state. *Id.,* p 608. The Court noted that a

county road commission draws its legal life from the county road law and has no power except that which is legislatively conferred because it is a creation of the Legislature. *Id.* Similarly, in the present case, the study committee is purely a creature of the local unit of government because the local unit appoints the study committee, MCL 399.203(1); MSA 5.3407(3)(1), and § 14 of the LHDA, MCL 399.214; MSA 5.3407(14), makes clear that the local unit may modify boundaries of an existing historic district. Thus, there is nothing in the LHDA that indicates that the study committee could maintain an action against the governmental body that created it.

The study committee also argues that it has a substantial interest in this matter, different from that of the citizenry at large. It argues that it is charged with enforcing the provisions of the LHDA, which establishes its substantial interest in this matter. However, plaintiffs alleged no injury in their complaint. Rather, the study committee essentially argues that defendant's action interferes with its right to enforce and administer the LHDA.

The study committee must demonstrate an *actual* injury or *likely chance* of immediate injury to establish standing. It has failed to make such a demonstration. Defendant followed the procedure for elimination of the open space property from the historic district. Defendant properly applied for a permit to construct the police facility on the open space property when that property was within the boundaries of the historic district. See MCL 399.205; MSA 5.3407(5). It directed the study committee to conduct a study on the elimination of the open space from the historic district, and the study committee followed through

with a recommendation that the open space property not be eliminated from the historic district. See MCL 399.203(1); MSA 5.3407(3)(1). Further, the study committee exercised its authority by issuing its report. Thus, the study committee did not suffer an injury because it was permitted to carry out its functions under the LHDA. Defendant simply failed to follow the recommendation and passed an ordinance eliminating the open space property from the historic district, as permitted by the LHDA. MCL 399.214; MSA 5.3407(14).[2]

The study committee has failed to establish that it suffered an injury that is different from that suffered by the citizenry at large. It was not prevented from carrying out its functions under the LHDA, and because the property is no longer within the boundaries of the historic district, there is no likely chance of immediate injury. The trial court correctly concluded that the study committee does not have standing to bring this action against defendant.

Because we affirm the trial court's decision that the study committee lacks standing to sue, it is not necessary to address the study committee's remaining arguments.

Affirmed.

O'CONNELL, P.J. (*concurring*). I concur in the majority's well-reasoned opinion, but write separately to

---

[2] Subsection 1 of this statute specifically provides that the local unit may modify boundaries of an existing historic district or may eliminate an existing historic district. Moreover, subsection 3(3)(b) of the LHDA provides that the legislative body of the local unit may, at its discretion, introduce and pass or reject an ordinance after receiving a final report that recommends the establishment of an historic district.

explain why I conclude that, even if plaintiffs had standing, their claims are not judicially cognizable.

Defendant had explicit statutory authority to modify the boundaries of the historic district, or even to eliminate it entirely. MCL 399.214(1); MSA 5.3407(14)(1). Defendant's action was purely legislative and political. As such, judicial review of the merits of that action would be inappropriate. In essence, plaintiffs sought to litigate a political battle that they had already lost. See *Bendix v Troy*, 215 Mich App 289, 296; 544 NW2d 481 (1996) (O'CONNELL, J., concurring). Plaintiffs may well be correct in asserting that defendant's action was not made with the best interests of the historic district in mind. However, even if defendant's reasons were petty and unwise, no judicial remedy would exist. *Id.* at 298. "That is the risk and the genius of legislative action in a representative government." *Id.* Plaintiffs' remedy, if any, is to be found in a political forum, not a judicial one. See *People v Morris*, 450 Mich 316, 336; 537 NW2d 842 (1995).