# STATE OF MICHIGAN

# COURT OF APPEALS

LITTLE TREE SUSHI BAR, INC., DIXIE MOON
SALOON, LLC, THE NASH FAMILY LIMITED
PARTNERSHIP, M & R REALTY 111 SOUTH
MAIN, LLC, SULLIVAN INVESTMENT
GROUP LIMITED PARTNERSHIP, THIRD
STREET PROPERTIES, INC., CORP ONE, INC.,
GROUP 225, INC., CORP ONE PROPERTY
COMPANY, LLC, ONE HUNDRED SEVEN
SOUTH MAIN, LLC, and R & M REALTY, LLC,

        Plaintiffs-Appellants,

v

CITY OF ROYAL OAK,

        Defendant-Appellee,

and

CENTRAL PARK DEVELOPMENT GROUP,
LLC,

        Intervening Defendant-Appellee.

UNPUBLISHED
July 31, 2018

No. 341606
Oakland Circuit Court
LC No. 2017-159908-CZ

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Plaintiffs, local business owners, appeal as of right the trial court's order and opinion granting summary disposition under MCR 2.116(C)(5) (lack of standing) in favor of defendant, City of Royal Oak (the City), and intervening defendant, Central Park Development Group, LLC (Central Park), (collectively, defendants). This dispute arose over a planned development in the City for the construction of an office tower, parking structure, and other municipal buildings, which would partly be built on areas that are now municipal surface parking lots. We affirm.

## I. STANDARD OF REVIEW

Plaintiffs contend the trial court erred in granting summary disposition premised on plaintiffs' lack of standing. Plaintiffs argued that they had standing for three reasons: (1) demonstrating a "special injury," (2) their status as taxpayers, and (3) the existence of an actual controversy. We review de novo the legal question of whether a party has standing. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 527; 695 NW2d 508 (2004). We also review a trial court's ruling on a motion for summary disposition de novo. *Lake v Putnam*, 316 Mich App 247, 250; 894 NW2d 62 (2016). "Review of a determination regarding a motion under MCR 2.116(C)(5), which asserts a party's lack of capacity to sue, requires consideration of the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000) (citation and quotation marks omitted).

## II. DISCUSSION

### A. "SPECIAL INJURY"

Plaintiffs first assert that replacement of the municipal surface parking lots will result in a "special injury" that will detrimentally affect them differently from other citizens. We agree with the trial court that this assertion is entirely speculative. When a plaintiff does not have an explicit cause of action, a litigant may have standing "if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010) (LSEA). When a plaintiff's interests mirror those of the general public, the plaintiff does not have standing. *Franklin Historic Dist Study Comm v Village of Franklin*, 241 Mich App 184, 187-188; 614 NW2d 703 (2000). Standing does not arise from "speculative harm . . . ." *Detroit Fire Fighters Ass'n v Detroit*, 449 Mich 629, 635; 537 NW2d 436 (1995).

Although plaintiffs anticipate losing business during construction and after replacement of the surface parking with a parking deck, they have not established a legal right to that surface parking or an actual, verifiable injury. The municipal lots and surface parking lots are being replaced by new office space that will provide possible customers to plaintiffs and a parking deck that will still make public parking available. Plaintiffs acknowledged that they had no ownership rights or legal or contractual interests in the surface lots. Accordingly, the City could have decided at any time to put these locations to an alternative use that could have been more detrimental to plaintiffs than the current project. Plaintiffs had no guarantee or reasonable expectation that the surface parking lots would remain available indefinitely for the use of their customers. In addition, plaintiffs have not provided details showing how the construction or the completed project will affect their businesses. Even if plaintiffs' conjectures regarding the potential loss of business are correct, they have not demonstrated a thorough or even-handed evaluation of this alleged loss by considering the offset of possible new customers or benefits to be derived from the project. Therefore, the trial court correctly determined that plaintiffs lacked "special injury" standing.

### B. MUNICIPAL TAXPAYER STATUS

Similarly, plaintiffs' assertion of taxpayer standing is unavailing. "[T]axpayer standing is contingent upon a showing of a 'threat that [the taxpayer] will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof.' " *Killeen v Wayne Co Rd Comm*, 137 Mich App 178, 190; 357 NW2d 851 (1984), quoting *Menendez v Detroit*, 337 Mich 476, 482; 60 NW2d 319 (1953). A "plaintiff must allege with particularity how the alleged illegal act will result in such injury." *Killeen*, 137 Mich App at 190. Further, this Court has recognized that "more recent cases uniformly condition taxpayer standing on the plaintiff taxpayers having suffered some harm distinct from that inflicted on the general public." *Groves v Dep't of Corrections*, 295 Mich App 1, 5; 811 NW2d 563 (2011), citing *LSEA*, 487 Mich at 372. Consequently, plaintiffs' complaint that the trial court improperly conflated the requirements for "special injury" standing and taxpayer standing is unpersuasive. Moreover, plaintiffs' contention that their only requirement for standing is their status as a taxpayer is an incorrect oversimplification. Plaintiffs must still demonstrate an injury or loss. Plaintiffs made no such showing, so they did not establish taxpayer standing.[1]

## C. ACTUAL CONTROVERSY

Plaintiffs also lack standing under MCR 2.605 to seek a declaratory judgment because that rule necessitates showing an "actual controversy," but plaintiffs have only speculated about the effect of the project on their businesses.

> An "actual controversy" under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues. However, by granting declaratory relief in order to guide or direct future conduct, courts are not precluded from reaching issues before actual injuries or losses have occurred. The essential requirement of an "actual controversy" under the rule is that the plaintiff pleads and proves facts that demonstrate " 'an adverse interest necessitating the sharpening of the issues raised.' " [*UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (citations omitted).]

In this case, plaintiffs' anticipation of a negative impact on their businesses is premised on conjecture and fails to account for other factors that may have a positive effect on the performance of their businesses, such as a new pool of potential customers. In other words, plaintiffs have focused solely on the anticipated costs without a commensurate consideration of the possible benefits to be derived. In addition, "[l]itigation aimed at second-guessing the exercise of discretion by the appropriate public officials in awarding a public contract will not further the public interest; it will only add uncertainty, delay, and expense to fulfilling the

---

[1] Plaintiffs' reliance on the cursory analysis in *Moshier v City of Romulus*, 54 Mich App 65; 220 NW2d 37 (1974), is not informative. This Court later cited *Moshier* to note variance in caselaw regarding the amount of loss necessary to assert taxpayer standing before noting that "all cases we have surveyed require, as a minimum, a clear statement of present or prospective damages to taxpayers." *Kaminskas v Detroit*, 68 Mich App 499, 502; 243 NW2d 25 (1976). Plaintiffs' speculative losses do not meet this standard.

contract." *Groves*, 295 Mich App at 7. Defendants described the review process of the City's decision to initiate this project, which involved ascertaining the benefits of attracting new businesses to the area. This process was undertaken with analysis and formal approval. Neither plaintiffs nor this Court are in a position to second-guess the City's pursuit of this project. In short, the trial court properly dismissed this action under MCR 2.116(C)(5) because plaintiffs did not have standing.

We affirm.

/s/ Thomas C. Cameron
/s/ Peter D. O'Connell